```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
               Civil No. 08-5770(DSD/JSM)
```

Marina Ramirez,

        Plaintiff,

v.                                                  **ORDER**

Hillary Rodham Clinton,
Secretary of State,

        Defendant.

      Anh Le Kremer, Esq., Elizabeth C. Kramer, Esq., Peter J. Schwingler, Esq. and Leonard, Street & Deinard, PA, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, counsel for plaintiff.

      Chad A. Blumenfield, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for defendant.

      This matter is before the court upon the motion for summary judgment by defendant Secretary of State, Hillary Rodham Clinton.[1] Based on a review of the file, record and proceedings herein, the court denies the motion.

## BACKGROUND

      Plaintiff Marina Ramirez seeks a declaratory judgment that she is a United States citizen. Ramirez holds a Texas birth certificate, dated May 2, 1950, and a "Certificate of Baptism," dated September 24, 1975, indicating that she was born in San

---

[1] Plaintiff initially named Secretary of State Condoleezza Rice as defendant. See Am. Compl. ¶ 13, ECF No. 8.

Benito, Texas on November 22, 1946. See Schwingler Aff. Ex. A; Blumenfield Aff. Ex. 6. Sometime after 1951, Ramirez returned to Mexico. Ramirez Aff. ¶ 8. Ramirez was married in Mexico, and her marriage certificate indicates that she was born in the United States. Id. Ex. A. Ramirez's four children were born in Mexico. Id. ¶ 11. In 1979, after Ramirez secured green cards for her children based on her United States citizenship, she moved to Minnesota with her husband and children. Ramirez Aff. ¶ 13.

On July 19, 1999, Ramirez applied for a U.S. passport. She submitted the Texas birth certificate in support of her application. See Blumenfield Aff. Ex. 4. Because the Texas birth certificate did not show a filing date within one year of the date of birth pursuant to 22 C.F.R. § 51.42(a), the Seattle Passport Agency (passport agency) requested secondary evidence of birth in the United States, such as hospital birth records, baptismal certificates or other public records. See Blumenfield Aff. Ex. 4. Ramirez submitted several documents, but none of them qualified as "documentary evidence created shortly after birth" under 22 C.F.R. § 51.42(b). See id. The passport agency therefore deemed the application abandoned. See id.

On April 9, 2007, Ramirez again applied for a passport, submitting the Texas birth certificate, the baptismal certificate, and other documents. See id. Ex. 5. Because none of the documents were created shortly after her date of birth, the passport agency

2

again requested additional documentation, which Ramirez was unable to provide. On October 5, 2007, the passport agency denied Ramirez's application, and informed her that a check with the Mexican vital records office revealed a birth certificate from Mexico, dated January 6, 1946, indicating that Ramirez was born in Urigato, Mexico on November 22, 1945 (Mexico birth certificate). See id. Exs. 1, 7. Ramirez had no prior knowledge of this document. Ramirez Aff. ¶ 14.

Ramirez requested a certified copy of the Texas birth certificate from the State Registrar (Registrar) of Texas. Id. ¶ 14. Because the passport agency had forwarded the Mexico birth certificate to the Texas Vital Statistics Unit, the Registrar refused Ramirez's request. Id. Ramirez requested an administrative hearing to establish the validity of the Texas birth certificate. The hearing examiner found the Texas birth certificate true and correct by "a slight preponderance of the evidence." Id. Ex. C. On July 8, 2008, the hearing examiner ordered that a certified copy of the certificate be issued (Texas order). On July 14, 2008, Ramirez submitted her third passport application, along with the Texas birth certificate, the Texas order, and other documents. See Blumenfield Aff. Ex. 3. The passport office rejected Ramirez's application. See Ramirez Aff. Ex. C.

3

On May 13, 2009, the government of Mexico provided the Mexico birth certificate with an affixed apostille. Blumenfield Aff. Ex. 1. In 2009, Ramirez's son hired an attorney in Mexico to seek nullification of the Mexico birth certificate. Schwingler Aff. Ex F, at 107. In an uncontested hearing before a civil court in Mexico, the attorney offered documentary and testimonial evidence that Ramirez was born in the United States. Id. at 109-13. Based on that evidence, the Mexico court declared the Mexico birth certificate void in December 2009. See Ramirez Aff. Ex. D.

On October 16, 2008, Ramirez filed the present action, seeking a declaratory judgment that she is a United States citizen and entitled to a United States passport pursuant to 8 U.S.C. § 1503.[2] Defendant moves for summary judgment. The court now considers the motion.

### DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of

---

[2] Ramirez filed an amended complaint on January 6, 2009 citing multiple causes of action. See ECF No. 8. The parties stipulated to the dismissal of all but the instant claim. See ECF Nos. 24, 25.

the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

All persons born in the United States and subject to the jurisdiction thereof are citizens of the United States. U.S. Const. amend. XIV, § 1; 8 U.S.C. § 1401(a). Any person who claims to be a United States citizen and is denied a "right or privilege ... upon the grounds that he is not a national of the United States" may sue "for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a). The Department of State requires a person applying for a passport to present either primary evidence of birth in the United States, in the form of a contemporaneous birth certificate, or sufficient secondary

evidence.  See 22 C.F.R. § 51.42.  Although Department of State regulations are instructive, the court makes a de novo determination of citizenship.  See Vance v. Terrazas, 444 U.S. 252, 256 (U.S. 1980); Rivera v. Albright, No. 99-C-328, 2000 WL 1514075, at *1 (N.D. Ill. Oct. 11, 2000).  Unlike an action to review the validity of an administrative proceeding, in a declaratory judgment action under § 1503, "[a] ruling of an administrative official denying citizenship has no prima facie effect" on the court's determination.  Liacakos v. Kennedy, 195 F. Supp. 630, 631 (D.D.C. 1961).  "There is no specific list of documents [plaintiff] must use or may use.  He must simply demonstrate by a preponderance of the evidence that he was born in the United States."  Rivera, No. 99-C-328, 2000 WL 1514075, at *1 (internal citation omitted).

The central fact of this case is in genuine dispute.  Ramirez bears the initial and the ultimate burden of proving her citizenship.  See Liacakos, 195 F. Supp. at 631.  If she establishes a prima facie case, the burden shifts to the defendant. See Wing Ying Gee v. Kennedy, 214 F. Supp. 903, 905 (D. Minn. 1963).  "Prima facie evidence is a minimum quantity.  It is that which is enough to raise a presumption of fact... [or] it is that which is sufficient, when unrebutted, to establish the fact."  Mah Toi v. Brownell, 219 F.2d 642, 644 (9th Cir. 1955).

Ramirez met her prima facie burden by producing, among other evidence, a birth certificate from the state of Texas and a Texas

baptismal certificate. The Texas Department of Health Services confirmed that the Texas birth certificate is valid and accurate. While the credibility determination of the Texas proceeding is not binding on this court, it indicates that a reasonable juror could find the Texas birth certificate persuasive. Defendant produced the Mexico birth certificate. See <u>Pinto-Vidal v. Att'y Gen. of U.S.</u>, 680 F. Supp. 861, 862 (S.D. Tex 1987). The government of Mexico provided an apostille certifying the Mexico birth certificate as authentic. However, viewing the evidence in the light most favorable to Ramirez, a genuine dispute of a material fact remains. The outcome of this dispute will depend on the weight and credibility attributed to the evidence, and these determinations are not appropriate on a motion for summary judgment. Therefore, summary judgment is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [ECF No. 65] is denied.

Dated: March 8, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court
